J-S70045-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| HOWARD E. COHEN AND EILEEN C. COHEN, Husband and Wife, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| LONG & FOSTER REAL ESTATE, INC., | : | No. 698 EDA 2016 |

Appeal from the Judgment entered March 31, 2016
in the Court of Common Pleas of Delaware County,
Civil Division, No(s): 2014-9715

BEFORE: OLSON, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED NOVEMBER 23, 2016**

Howard E. Cohen and Eileen C. Cohen (collectively, "the Cohens"), husband and wife, appeal from the Judgment entered against them and in favor of their real estate broker, Long & Foster Real Estate, Inc. ("L&F"), in this action brought pursuant to Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL").[1]  We affirm.

In its Opinion, the trial court set forth the factual and procedural history underlying the instant appeal, which we incorporate herein by reference.  *See* Trial Court Opinion, 4/29/16, at 1-5.

Following a bench trial, the trial court entered a verdict in favor of L&F and against the Cohens.  The Cohens filed post-trial Motions, which the trial court denied.  On February 16, 2016, the trial court denied the Cohens' post-trial Motions, after which the Cohens filed a Notice of Appeal, followed by a

_____
[1] 73 P.S. § 201-1 *et seq.*

court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal. On March 31, 2016, the trial court entered judgment. Accordingly, we may consider the issue presented by the Cohens in this appeal. ***See Commonwealth v. Cooper***, 27 A.3d 994, 1008 (Pa. 2011) (stating that "[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the date thereof.") (citation omitted).

The Cohens present the following claim for our review:

> Did the [trial] court commit legal error and/or abuse its discretion by entering a [v]erdict in favor of [L&F] and against [the Cohens], based solely on the [trial] court's stated rejection of [the Cohens'] credible, unimpeached, uncontroverted and unrebutted expert testimony regarding the unreasonable conduct by the sales agent of [L&F] in underestimating the future settlement costs and monthly carrying charges, specifically[,] the ongoing real estate taxes, beginning from the date of a future settlement on a to-be-constructed new home?

Brief for Appellants at 2-3.

The Cohens argue that the testimony of their expert, Donald Weiss ("Weiss"), confirmed that, pursuant to 49 Pa. Code. § 35.334, it is a real estate broker's duty to provide the buyer with a statement of estimated settlement and carrying costs. Brief for Appellants at 14. The Cohens assert that pursuant to subsection 35.334(a), before an agreement of sale is executed, the broker is required to provide each party with a written estimate of reasonably foreseeable expenses that the party can be expected

- 2 -

to pay, including but not limited to taxes and assessments. *Id.* According to the Cohens, Weiss testified that

> a knowledgeable and experienced sales broker should have known in February 2010 that taxes go up annually, that the common level ratio increases in July prior to the next calendar year to which it would apply, that the school taxes increase as of July 1 of each year, that the other township and county taxes increase as of January 1 of each year, and that the taxes had increased by 9% from 2009 to 2010....

*Id.* at 16. The Cohens argue that L&F should have projected this same 9% increase factor when it made forward-looking estimates of settlement costs and monthly carrying charges, including future real estate taxes. *Id.* The Cohens assert that, based upon the evidence presented by Weiss, and L&F's failure to counter this evidence, the trial court abused its discretion in not crediting Weiss's testimony. *Id.* at 17. The Cohens claim that L&F's conduct "deprived [them] of the fundamental fairness of having the material information to which they were entitled in order to make their purchase decision." *Id.* They further argue that they relied upon this "deceptive and misleading" information, and that the verdict should be reversed. *Id.*

> As this appeal arises from a non-jury trial, we observe that

> with regard to factual determinations, the trial court acts as the factfinder in a bench trial and may believe all, part or none of the evidence presented. Issues of credibility and conflicts in evidence are for the trial court to resolve; this Court is not permitted to reexamine the weight and credibility determinations or substitute our judgment for that of the factfinder. Furthermore, the findings of the judge in a non-jury trial are given the same weight and effect as a jury verdict such that the court's findings will not be disturbed on appeal absent an abuse of discretion, error of law, or lack of support in the record. We

- 3 -

will not disturb the court's factual findings merely on the basis we would have reached a different conclusion; rather, our task is to "determine whether there is competent evidence in the record that a judicial mind could reasonably have determined to support the finding.

*Ruthrauff, Inc. v. Ravin, Inc.*, 914 A.2d 880, 888 (Pa. Super. 2006) (internal quotation marks and citations omitted). "Conclusions of law, however, are not binding on an appellate court[,] whose duty it is to determine whether there was a proper application of law to fact by the lower court. On pure questions of law, … our review is plenary." *Kohl v. PNC Bank Nat'l Ass'n*, 912 A.2d 237, 248 n.16 (Pa. 2006) (internal quotation marks and citation omitted).

In its Opinion, the trial court addressed this claim, and determined that it is without merit. *See* Trial Court Opinion, 4/29/16, at 11-15, 17-18. We agree with the sound reasoning of the trial court, as set forth in its Opinion, and affirm on this basis. *See id.*

Judgment affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/23/2016

- 4 -